IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENT POWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-165 |
| | ) | |
| OFFICER SHOVLIN, *et al.*, | ) | Magistrate Judge Bissoon |
| | ) | |
| Defendants. | ) | |

# ORDER

Kent Powe ("Plaintiff"), presently incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield"), located in Huntingdon, Pennsylvania, brings this civil action pursuant to the Civil rights Act of 1871, 42 U.S.C. § 1983. Plaintiff alleges that prison officials ordered him to cut his hair in violation of a "Supreme Court order" granting him a "hair exemption," and then placed him the Restricted Housing Unit for refusing to comply. (Doc. 3) at 5. Plaintiff asserts that his First Amendment right to practice his religion has been violated. Id. at 1. Plaintiff was granted leave to proceed *in forma pauperis* on February 5, 2010. (Doc. 2). On the same day, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (Doc. 4). Defendants consented to the same on April 26, 2010. (Doc. 14).

On May 3, 2010, Defendants moved to dismiss Plaintiff's complaint, arguing lack of exhaustion of administrative remedies. Defs.' Mot. to D. (Doc. 15) ¶ 3. However, prior to making this argument, Defendants assert that venue is improper in this district, and that the case should be transferred. Id. ¶ 2; Defs.' Br. in Supp. of Mot. to D. (Doc. 16) at 4. Defendants argue that all of Plaintiff's claims involve alleged acts or omissions that took place at SCI-Smithfield, which is located in Huntingdon County, Pennsylvania – thus making venue proper in the Middle District of Pennsylvania. Id. In his so-called motion for argument – which, in large part, is a

response to Defendants' motion to dismiss – Plaintiff does not contest that SCI-Smithfield is the alleged *locus delicti*. However, he responds that his inmate handbook indicates that it is located in the Western District of Pennsylvania. P.'s Mot. for Arg. (Doc. 18) at 2.

In a civil case where jurisdiction is based not solely on diversity of citizenship, 28 U.S.C. § 1391(b) establishes that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Pennsylvania is divided into three federal judicial districts. 28 U.S.C. § 118. Pursuant to statute, Huntingdon County is assigned to the Middle District of Pennsylvania. 28 U.S.C. § 118(b). There is no dispute that SCI-Smithfield is located in Huntingdon County. Thus, as Defendants correctly assert, venue is proper in the Middle District of Pennsylvania.

In the event that a case is filed in an incorrect district, the district courts are permitted to transfer it to the district where venue would be proper. 28 U.S.C. § 1406(a). Consequently, this Court will order this case to be transferred to the United States District Court for the Middle District of Pennsylvania.

AND NOW, on this 10th day of December, 2010,

IT IS HEREBY ORDERED that the Clerk of the Court is directed to transfer, forthwith, this case to the United States District Court for the Middle District of Pennsylvania.

IT IS FURTHER ORDERED that the parties are allowed until December 27, 2010, to appeal this order to a district judge pursuant to Rule72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

                                                <u>s/Cathy Bissoon</u>
                                                CATHY BISSOON
                                                UNITED STATES MAGISTRATE JUDGE

**Cc:**
**KENT POWE**
JA-2463
S.C.I. at Smithfield
P.O. Box 999
Huntingdon, PA 16652